[S. F. No. 16.   Department One.—February 21, 1896.]

## CHARLES I. HAVENS, RESPONDENT, *v.* ANNIE DON-AHUE, APPELLANT.

ASSUMPSIT—COMMISSION FOR SERVICES OF ARCHITECT—SPECIAL CONTRACT—QUANTUM MERUIT—FINDING OF VALUE.—Where an architect contracted to furnish all necessary general drawings, specifications, and details for the construction of a building for a commission of two and one-half per cent upon the total cost of construction, he cannot be limited to a commission on the cost of construction merely as far as the building had proceeded when his employment terminated; and where the complaint upon such contract contained also a *quantum meruit* count, and the court found that the value of the services was the same sum as that claimed under the contract, such finding disposes of any question of contention about the contract.

ID.—COUNTERCLAIM—PUBLICATION OF DRAWING—LOSS OF TENANTS.—Where there was no agreement between the architect and the employer that the plans of the building or the employer's intention to erect the same should not be published, the employer when sued for the services of the architect, cannot counterclaim damages alleged to have resulted to the employer in the loss of tenants upon the building site, by reason of the facts coming to their knowledge through the publication of the drawing of the proposed building by the architect.

ID.—MISLOCATION OF CHIMNEYS—NEGLIGENCE—CONFLICTING EVIDENCE—FINDING.—Where the employer counterclaimed damages for the alleged negligent mislocation of chimneys by the architect, and the trial court found in favor of the architect upon the charge of negligence, the evidence being conflicting upon that question, the findings and judgment cannot be disturbed thereupon.

ID.—CHANGE OF PLANS BY EMPLOYER—ARCHITECT NOT LIABLE.—Where it
appears that the mislocation of the chimneys, instead of being attribu-
table to the architect, arose from the delay of the employer in deter-
mining to change the top floor from an office floor to a photograph
gallery, and that the architect had furnished him with a gallery plan
showing the chimneys in the right location for that purpose, before any
contract was let, but the chimneys were subsequently built upon the
office plan, before the gallery plan was adopted by the employer, at
which time there was no remedy for what had been done, the employer
cannot charge the architect with damages for the mislocation of the
chimneys.

EVIDENCE—VAGUE OFFER.—Where an offer of evidence is too general, vague,
and indefinite to give the court light upon the issue under considera-
tion, it is not error to refuse the offer.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
denying a new trial.   J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*Garrett W. McEnerney,* for Appellant.

*Boyd & Fifield,* for Respondent.

GAROUTTE, J.—This is an action to recover for the
services of an architect.   Judgment went for plaintiff,
and defendant appeals from the judgment, and also from
an order denying her motion for a new trial.   Plaintiff's
contract was to furnish all necessary general drawings,
specifications, and details for the construction of a build-
ing upon a commission of two and one-half per cent
upon the total cost.   He was paid three thousand seven
hundred and fifty dollars under the contract, and seeks
to recover the balance.

Defendant's first claim is that under such contract
plaintiff was only entitled to recover his commissions
upon the cost of construction as far as the building had
proceeded at the time his employment was terminated.
This contention cannot be sustained.   Plaintiff had
nothing to do with the construction of the building.
His contract was simply to furnish the plans, drawings,
and specifications, and this he did.   The actual construc-
tion and cost of construction are only material to him

as fixing the amount of defendant's liability for the ser-
vices rendered. Again, the complaint also charged upon
a *quantum meruit*, and the court found the value of plain-
tiff's services at the amount fixed by the judgment. This
would seem to dispose of any question upon such con-
tention.

The defendant by her pleading set up a counterclaim
to the amount of five hundred dollars. This counter-
claim is based upon allegations to the effect that she,
defendant, employed plaintiff as an architect to furnish
the plans, etc., for the erection of a certain building,
upon a site where a building of hers was then standing,
which was occupied by tenants; that plaintiff improp-
erly notified a reporter of the San Francisco Chronicle
of her intention to erect a building upon such site, and
also furnished the paper a drawing of said building;
and it is alleged that these things were published in
that paper as a matter of public news, and thus came to
the knowledge of defendant's tenants. It is charged
that, by reason of these facts coming to their notice,
some of them removed from her building, thus depriv-
ing her of future prospective rents and profits, and dam-
aging her to the extent of such prospective rents. We
attach but little importance to this contention. Aside
from the remoteness of the damages sought to be recov-
ered, and their contingent and speculative character,
matters which we will not discuss, there is no cause for
relief stated. There is no allegation that plaintiff agreed
not to make disclosure of defendant's intentions to erect
the building, nor was he requested not so to do. Neither
did the law cast upon him any duty to keep his knowl-
edge as to these matters to himself. It necessarily fol-
lows that no cause of action is stated. The relations
arising between the plaintiff and defendant came solely
from the contract, an 1 we cannot see that they were in
any sense confidential. Section 1881 of the Code of
Civil Procedure treats of confidential relations exist-
ing between certain parties, but the facts of the pres-
ent case do not bring it within the provisions of that

section. We do not think the disclosures here made were any more confidential than if the dealer furnishing the lumber, or the contractor who was to do the work, had given notice to the public that the building was to be erected.

It would appear that the principal controversy in this case centers around the location of a certain stack of chimneys, and damages are claimed from plaintiff for an alleged mislocation of these chimneys upon the plans. The building was to be seven stories in height. The six upper floors were arranged for offices, and each was a duplicate of the other. During the progress of construction the seventh floor was changed to a photographic gallery. The chimneys were located according to the original plan, which contemplated this floor to be devoted to offices, and were not located in the proper place for a gallery, and this fact was the occasion of the controversy arising between these parties. The trial court found in favor of plaintiff upon the charge of negligence, and, as the evidence is conflicting, the judgment will not be disturbed upon this ground.

The claim of defendant at the trial of the case was that plaintiff furnished a gallery plan for the seventh floor, locating the chimneys in the partition wall, and that when actually located they came through the floor at a distance of five feet therefrom. But this unfortunate condition was not attributable to the architect, and the court has so found. It arose from the delay practiced by the defendant in arriving at a determination to change the seventh floor from an office floor to that of a gallery. For at the time this change was determined upon the chimneys had been erected by the contractors according to the original plans. This fact is undisputed. When the gallery plan was adopted the chimneys were already there, the mischief was done, and there was no remedy for it. It may be assumed, for present purposes, that prior to this time plaintiff had furnished a gallery plan, showing the location of the chimneys to be in the partition wall, but at that time the chimneys

had not been built, the contract for their building had not been let, and then they could have been placed according to such plan.

A witness (Sullivan) was sworn and placed upon the stand, when counsel for defendant said: "I want to prove that Mr. Sullivan got this sketch from Mr. Havens between the 18th and 20th of July, 1892." (Counsel referred to a lithographic sketch of the gallery, which was sent East to various photographers for the purpose of securing a tenant, but was not and did not purport to be a copy of defendant's exhibits D and E.) An objection was sustained to the offer. Appellant's attorney stated at the time that he offered this evidence for what it was worth. The trial court concluded that as evidence it was worth nothing, and we think the conclusion right. The offer to prove this sketch was too general to be of any service. If the evidence had been introduced as offered, it would have been entirely too vague and indefinite to have given the court any light upon the issue then under consideration. And under any circumstances, in view of all the other evidence in the case, it is a matter of too slight importance to demand a reversal of the judgment. We find nothing further in the record demanding our consideration.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Fleet, J., concurred.