[Civ. No. 3101. Second Appellate District, Division One.—September 6, 1919.]

JOHN FRANKLIN WEST, Petitioner, v. BOARD OF EDUCATION OF THE PASADENA HIGH SCHOOL DISTRICT and the PASADENA CITY HIGH SCHOOL DISTRICT OF LOS ANGELES COUNTY et al., Re- spondents.

[1] MUNICIPAL CORPORATIONS—FREEHOLDERS' CHARTER—APPOINTMENT OF SUPERINTENDENT OF SCHOOLS—TERM OF OFFICE.—Where a free- holders' charter provides under the title "Department of Educa- tion" that "in all matters not specifically provided for in this char- ter the board (of education) shall be governed by the provisions of the general law relative to such matters," and such charter is silent as to the term for which the superintendent of schools should be elected, its provisions only authorizing the board of

education, at its discretion to "appoint a superintendent of schools, and prescribe the duties and fix the salary of such superintendent," it follows as a natural and necessary deduction that the electors in adopting such charter, and the legislature in ratifying it, intended that the duration or term of office of the superintendent of schools should be controlled by the general statute, which fixes the term at four years.

PROCEEDING in Mandamus to compel respondents to permit petitioner to exercise the duties of the office of superintendent of schools. Writ issued.

The facts are stated in the opinion of the court.

Woodruff & Shoemaker for Petitioner.

James H. Howard for Respondents.

A. J. Hill, County Counsel, *Amicus Curiae.*

JAMES, J.—Mandate to compel respondents to permit petitioner to exercise the duties of the office of superintendent of schools of the Pasadena City School District and the Pasadena City High School District, and to require respondents to draw a warrant in petitioner's favor for the sum of $375 in payment of his salary as such superintendent for the month of July, 1919.

On the 24th of June, 1919, the board of education of the city of Pasadena held a regular meeting, there being three of the five members constituting the board present. These three members unanimously adopted a resolution or motion for the employment of petitioner to be superintendent of schools for the city of Pasadena for the term of four years, beginning July 1, 1919, at a salary of four thousand five hundred dollars per annum, payable monthly. On July 2d an adjourned meeting of said board was regularly held, the same three members being present, and it evidently being the apprehension that the action on the 24th of June was not expressed with sufficient formality in the resolution then adopted, the board adopted the following further resolution:

"Resolved, that the action of this Board on Tuesday, the 24th day of June, 1919, in declaring that the contract of employment then existing between this Board and Dr. Jeremiah M. Rhodes expired by its terms on June 30, 1919, and

in appointing John Franklin West of San Diego, Superintendent of the City Schools of the Pasadena City School District and the Pasadena City High School District, for a term of four years, beginning the first day of July, 1919, and ending on June 30, 1923, be and the same is hereby ratified and approved; and

"Be it resolved further that in event the legality of the action of this Board taken on the 24th day of June, 1919, in filling the office of Superintendency of Schools for the ensuing term, should be questioned upon any ground whatever, then this Board will and does here now at this meeting appoint the said John Franklin West as Superintendent of the Pasadena City School District and the Pasadena City High School District, for the term of four years, commencing on the first day of July, 1919, and ending on the 30th day of June, 1923, at a salary of Four Thousand Five Hundred Dollars ($4500) per annum, payable monthly; and

"Be it further resolved that the Vice-President and Clerk of this Board be and they are hereby empowered and directed to enter into a contract of employment with the said John Franklin West in the name and on the behalf of this Board under and in pursuance of these resolutions."

Petitioner having been notified of the action taken by the board at its meeting on the date first mentioned, under date of June 25, 1919, dispatched to the said board a telegram accepting the employment in the words following: "Accept the appointment as city superintendent of your schools, on terms and conditions stated in your telegram." The office of superintendent of schools had theretofore been filled by Jeremiah M. Rhodes, whose term (being of four years' duration) expired on June 30, 1919. On July 7, 1919, the incoming board of education organized, an election having changed the personnel only as to one member, that one outgoing member being one of those who had participated in the election of petitioner as superintendent. The new board, voting three to two, proceeded to adopt a resolution attempting to rescind all of the action of the preceding board in the matter of the employment of petitioner as superintendent of schools. The petition shows that petitioner has been in attendance, ready and offering to perform the duties of the office of superintendent of schools, and that the board of education has refused him that right and refused to award

to him any payment for his services under the alleged contract of employment. That the meeting of the outgoing board at which the resolution employing petitioner was adopted was regular and that the number attending and voting thereat was sufficient, is not questioned, and indeed could not be. The resolution first adopted was sufficient in form to express contractual terms, if accepted by petitioner. The employment as offered was promptly accepted and upon acceptance being made a binding contract arose, unless by reason of the law the action taken was in some particular unauthorized. We do not decide that the action taken before the expiration of the term of the superintendent attempted to be retired was premature. Even though it be conceded that there was no authority in the board to employ petitioner until his predecessor's term had actually expired, it does appear that the board, by the resolution adopted on the 2d of July, made a complete and second resolution wholly covering the same matter. Petitioner, as has been noted, thereafter appeared and tendered his services and offered to fill the position, so that it matters not, in our opinion, whether we say the employment was made under the resolution of June 24th or that of July 2d. The main argument of counsel is directed to the point as to whether in cities operating under freeholders' charters the general laws of the state are applicable and govern in all school matters; or whether the charter provisions affecting such questions govern exclusively. The fact is first pointed to that it is provided in section 1793 of the Political Code, that "City superintendents of public schools, elected by city boards of education, shall be elected for a term of four years, . . ." Assuming that the general law is applicable, this express provision having been incorporated in the code relative to the term of the superintendent of schools, petitioner contends that the board had the right to make an engagement for the four years specified. Respondents contend that the charter provisions are exclusively applicable and that those charter provisions do not authorize the board of education to make employment for such a length of time as was attempted to be done. In this connection it is urged that section 1584 of the Political Code (appropriate action having been taken thereunder) aids in defining the charter provision as being exclusive. It is shown by the agreed statement of facts that such action has been taken as

is mentioned in section 1584. That section provides that where there has been an appropriate action in the direction required, "then the electors of such school district shall be deemed to have submitted to be governed in all matters relating to the management of public schools within such school district or high school district as fully and to all intents and purposes as though the electors of such school district or high school district had by their votes elected to be governed by the provisions of such charter." The section in brief provides for the question to be submitted to the electors as to whether the charter provisions shall govern, and provides that where the electors have participated and voted at any school election held subsequent to the adoption of and under the provisions of the charter, the same effect shall follow as though the question had been specially submitted and an affirmative vote made. Petitioner contends that if the section last mentioned purports to disassociate all general statutes from connection with school affairs of a chartered city, then it is unconstitutional for the reason that the school system is a state system, and not a municipal affair, and is controlled by general laws unless there is an absence of legislation upon the subject; citing *Kennedy* v. *Miller,* 97 Cal. 429, [32 Pac. 558]. Also, *Mahoney* v. *Board of Education,* 12 Cal. App. 293, [107 Pac. 584], and other cases which generally define the school system as being a state matter and not falling within the class of "municipal affairs." [1] We are not inclined to follow counsel through the various phases of this argument because it seems to invite unnecessary labor, in that the charter provisions of the city of Pasadena relating to the school department contain nothing by which it may be said the authority of the board of education to employ a superintendent for a fixed term is prohibited. We find upon that subject, under the title of "Department of Education," article 16 of the charter, the following sections: "Sec. 6. The Board of Education may, at its discretion, appoint a Superintendent of Schools, and prescribe the duties and fix the salary of such Superintendent. Sec. 7. In all matters not specifically provided for in this Charter the board shall be governed by the provisions of the general law relative to such matters." It then appears that no attempt is made in the charter to limit the term of the superintendent of schools authorized to be elected by the board of education. Acting

under the authority alone of the charter provision, and conceding without deciding that it has exclusive effect, we would find no difficulty at all in sustaining the contract made with petitioner for four years' employment. But furthermore, the charter being silent as to the term for which the superintendent should be elected, and its provisions only authorizing the board of education "to appoint a superintendent of schools, and prescribe the duties and fix the salary of such superintendent," it follows as a natural and, we think, necessary deduction that the electors in adopting the charter, and the legislature in ratifying it, intended that the duration or term of office of the superintendent of schools should be controlled by the general statute, which fixes the term at four years. Looked at from any angle that the argument assumes, we think that the contract of petitioner was made with full authority and must be upheld.

Peremptory writ is ordered to be issued as prayed for, petitioner to have his costs.

Conrey, P. J., and Shaw, J., concurred.