[Civ. No. 3145.   Second Appellate District, Division One.—January 30, 1920.]

F. T. HARRIS, Respondent, v. CENTRAL UNION HIGH SCHOOL DISTRICT (a Public Corporation), Appellant.

[1] CONTRACTS—ACCEPTANCE OF PLANS AND SPECIFICATIONS—FAILURE TO PROCEED WITH CONSTRUCTION — LIABILITY FOR ARCHITECT'S COMPENSATION PROMISED—EVIDENCE—FINDINGS.—In this action to recover the compensation the board of trustees of the defendant high school district stated in their published notice they would pay to the architect whose plans and specifications in detail for a proposed addition and extension to the high school of the district were adopted, the evidence was sufficient to support the finding of the trial court that on a given date, the said board of trustees, after duly considering all of the plans and specifications submitted under said notice, by resolution and order spread upon the minutes of the said board, adopted the plans and specifications submitted by plaintiff, subject to a condition subsequent, to wit, that the plaintiff should modify and change the plans to the satisfaction of the board; and said board, having thereafter failed and refused to proceed further with the construction of said building, and not having requested plaintiff to make any modifications or changes in said plans and specifications, but having failed and refused to pay plaintiff the agreed compensation, the latter, having stood ready to comply with all the conditions of his contract, became entitled to the compensation agreed to be paid.

APPEAL from a judgment of the Superior Court of Imperial County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. R. Simon for Appellant.

Conkling & Brown for Respondent.

CONREY, P. J.—On or about the twelfth day of February, 1915, the board of trustees of the defendant published a notice to architects, calling for plans and specifications in detail for a proposed addition and extension to the high school building of the district. It was stated in the notice that "the said trustees will award to the architect whose plans and specifications in detail are adopted" a specified premium and compensation. At a meeting of the board held on the fourteenth day of March, 1915, the board, having considered several plans and specifications submitted under said notice, including those of the plaintiff, took action which was shown by the minutes of the meeting that it was "Moved by Hamilton, seconded by Clark, that the plans and specifications of F. T. Harris be accepted. Motion carried." At a meeting of the board held on the sixteenth day of April, 1915, said minute entry was read and, on direction of the members of the board, but without formal motion and order of the board, the secretary amended the minute entry by inserting after the word "accepted," the words "when modified and changed to the satisfaction of the board." After the amendment had been interlined by the secretary, a motion was made and carried "that the board rescind the action of March 14, 1915, with reference to accepting the plans and specifications of architects."

[1] Upon the issue as to whether or not the plans and specifications were accepted as alleged in the complaint, the court found: "That on the fifteenth day of March, 1915, the said board of trustees of the defendant, after duly considering all of the plans and specifications submitted under the said notice by resolution and order spread upon the minutes of said board, adopted the said plans and specifications as submitted by plaintiff, subject to a condition subsequent, to wit: that the plaintiff should modify and change

the plans and specifications to the satisfaction of the board,'' etc. The court further found that after so receiving and accepting the plans and specifications so prepared and submitted by plaintiff, the board of trustees, without requesting the plaintiff to make any modifications or changes in said plans and specifications, and without notifying the plaintiff what, if any, modifications or. changes in said plans and specifications were desired by the board, and without affording the plaintiff an opportunity to make any desired modifications or changes in said plans and specifications, failed and refused to proceed further with the construction of said building and repudiated and by order entered on their minutes on or about the first day of April, 1915, attempted to rescind and vacate their former action as to said plans and specifications so prepared by plaintiff, and have ever since refused, and do now refuse, to pay plaintiff the sum agreed to be paid for said plans and specifications or any sum or sums whatever, etc., by reason whereof plaintiff suffered damages in a stated sum for which judgment was awarded.

Appellant contends that said findings are not sustained by the evidence in this, that there was no absolute acceptance of plaintiff's offer with a condition subsequent, but that there was only a conditional acceptance and that therefore no contract resulted and would not result until there had been a compliance with the conditions of the acceptance by the plaintiff in making modifications and changes in his plans and specifications which would meet the approval of the board. By the use of the phrase, ''subject to a condition subsequent,'' as we interpret the finding, the court decided that the board did in fact accept the ''plans and specifications in detail,'' as presented by plaintiff, but with the condition or understanding that such modifications therein as should be directed by the board would be made by the plaintiff. Upon this finding, if sustained by the evidence, it must be held that the contract was complete; and since the board did not thereafter indicate its desire to have any modification or change made in the plans or specifications and the plaintiff did not fail to comply with any such indicated desire or instructions, and since it was shown that the plaintiff filed the necessary bond and stood ready to comply with all the conditions of his contract, he became entitled to the compensation agreed to be paid.

We think that the evidence is sufficient to support the finding. The secretary of the board, who also was a member thereof, testified that the minutes as originally made by him correctly stated the motion as he remembered it to have been made; that he had taken notes during the meeting and wrote up the minutes according to those notes. Mr. Hamilton, the member of the board who made the motion, testified as follows: "Q. Do you remember what the language of your motion was? A. As well as I remember, I moved to accept his plans and specifications. Q. And this matter of his making changes, as desired, was purely a matter of discussion? A. Yes, sir. . . . Q. Didn't you understand from Mr. Harris beforehand that that was satisfactory to him? A. I supposed it would be. We advertised and I think there were five plans and specifications submitted to the board and in all of our discussion that none of the plans would go without changing. We would not want to advertise for bids and let a contractor put up a building without some changes." The testimony seems to show clearly that, as stated by Mr. Hamilton in his testimony, "it was the intention of the motion, we would accept his plans, but there would have to be some alterations made"; and this is the effect of the court's finding. Substantially the plaintiff's plans and specifications were accepted, but the acceptance was subject to the right of the board to have modifications and changes made therein. This was in fact in accordance with a custom based on common experience. The plaintiff testified that at the time he presented his bond to the board he stated to them, in response to a question, that it was possible to make changes and that "it was always customary with the architect where his plans were adopted, any changes they wanted to incorporate, they could." W. F. Apple, another of the trustees, testified that when he voted on the motion with reference to the Harris plans he understood that he was voting for the absolute acceptance of those plans, "but the board would call for certain little changes in the plans." We do not doubt that the board of trustees of a school district, having authority to contract for the construction of a school building, may, in making its contract with the architect or with the contractor, reserve the right to make alterations during the progress of the work, so long as the general plan of

the building is not changed. That appears to be the kind of reservation intended in the present case, and this was not inconsistent with a· complete acceptance of the proposed plans and specifications.

The judgment is affirmed.

Shaw, J., and James, J., concurred.