[Civ. No. 7124. Second Appellate District, Division Two.—June 8, 1932.]

ROBERT B. STACY–JUDD, Respondent, v. CHARLES STONE et al., Defendants; R. W. PURPUS, Appellant.

Minor Moore and C. V. Caldwell for Appellant.

Arthur L. Erb and L. V. Beaulieu for Respondent.

THOMPSON (IRA F.), J.—The plaintiff recovered a judgment against the defendants for architectural services rendered to them. R. W. Purpus, one of the defendants, prosecutes this appeal therefrom.

The plaintiff pleaded a written contract consisting of a letter written by him to the defendants and an acceptance thereof by them. He also in a second count alleged an action in *assumpsit*. The complaint set forth that respondent entered "upon the discharge of his duties and performed all the work, labor and services required of him" by the agreement. In neither cause of action, however, did he seek to recover the full stipulated price of seven per cent upon the total cost of the buildings, but sought only the sum of five per cent, because after entering upon the erection of the contemplated structures the work was abandoned. 

The court permitted respondent to testify over the objection of appellant that he told the manager of the copartnership "that the fees would be 7% and that would include 2% for supervision and that if the buildings were not actually constructed I should have 5% of the estimated cost of constructing the buildings". He was also allowed to state that five per cent of the estimated value of the buildings was the reasonable value of his services, amounting in all to $34,180.49 and that it cost him to prepare the plans and specifications the sum of $28,000. Respondent had been paid $5,800 and judgment was in the sum of $28,180.49, together with interest and costs.

It is now claimed by appellant that the court erred in receiving the testimony already mentioned because he says such evidence tended to vary the terms of the written con-

tract, was without the issues framed by the pleadings, and further that where the plaintiff pleads and proves an express agreement he cannot recover upon an implied contract.

Naturally enough, nothing is said in the letter of respondent constituting his offer nor in the acceptance thereof, concerning the abandonment of the plans and specifications. It is reasonable to assume that such a possibility was not in fact seriously, if at all, considered by the parties. It is true that the concluding paragraph of the letter says: "For each and every set of plans and specifications I prepare I am to receive a fee of two hundred dollars at the time I am given instructions to proceed with the working drawings, said fee to form part of my total fees in the event of the buildings being erected." But this quoted language relates to the method of payment—not to the amount thereof. It provides for a down payment, or perhaps as it might be termed in our profession, a retaining fee. Nor is anything further said in the offer or in the acceptance concerning the method of payment. It is to be observed that immediately preceding the language quoted the respondent said in his letter: "In reference to the preparation of ten complete sets of plans and specifications for buildings costing in the neighborhood of then [sic] thousand dollars, I herewith submit my cost percentage on three residence buildings, showing you the basis upon which I now make my proposition of compensation.

"Schelling residence cost 83% of total fee to produce.

"Worrell residence cost 55% of total fee to produce.

"Bishop residence cost 76% of total fee to produce. The last on the list is hillside property and shows a greater cost to me for preparing plans for hillside property." From these figures in respondent's letter it appears that it cost him as an average seventy-one per cent of his fee to produce the plans and specifications. He, very apparently, thought that the defendants, who were the subdividers, should bear a part of this expense before the time arrived for payment in the due course of things and therefore provided for a retaining fee of $200. From the average percentage of cost calculated upon the figures submitted by respondent, plans and specifications for a $10,000 building would have entailed an expense to him (exclusive of supervision) of a trifle more than $355. We cannot assume that he was foolish enough

to adopt the inherently improbable plan of spending that sum of money in return for $200. The most that can be said with respect to the concluding phrase ''said fee to form part of my total fees in the event of the buildings being erected'' and the argument of appellant that only the sum of $200 was to be paid unless the buildings were completed, is that the language introduces an element of ambiguity and uncertainty which parol evidence was competent to explain. All of the evidence introduced bore upon the uncertainty in this particular or upon another theory about to be stated.

A reading of the first cause of action reveals that it is not an action to recover the contract price. The complaint alleges that all of the services to be performed thereunder were rendered by respondent and that they were of the reasonable value of the amount sought to be recovered plus that which was paid. It is disclosed by the evidence that the organization composed of defendants collapsed after the respondent had done twenty-eight or thirty sets of plans and specifications. Through the default of defendants and not from the failure of the respondent the buildings were not constructed. The complaint in the first count seeks therefore to recover not the contract price but damages for its breach, i. e., the reasonable value of the services rendered pursuant to its terms. It is conceivable that respondent might have brought his action to recover the entire contract price of seven per cent upon the cost of the buildings under the authority of *Harris* v. *Central Union High School Dist.*, 45 Cal. App. 669 [188 Pac. 617], and *Havens* v. *Donahue*, 111 Cal. 297 [43 Pac. 962], but he chose rather to sue only for a part thereof.

Adverting now to the argument of appellant that respondent having proved an express agreement could not recover upon an implied contract, what has been said virtually disposes of this contention. However, for the purpose of completely concluding the point we here make reference to *Havens* v. *Donahue, supra*, where a somewhat similar contention was advanced. It is there said: ''Defendant's first claim is that under such contract plaintiff was only entitled to recover his commissions upon the cost of construction as far as the building had proceeded at the time his employment was terminated. This contention cannot be sustained. Plaintiff had nothing to do with the construction of the

building. His contract was simply to furnish the plans, drawings, and specifications, and this he did. The actual construction and cost of construction are only material to him as fixing the amount of defendant's liability for the services rendered. Again, the complaint also charged upon a *quantum meruit*, and the court found the value of plaintiff's services at the amount fixed by the judgment. This would seem to dispose of any question upon such contention."

Judgment affirmed.

Works, P. J., and Fricke, J., *pro tem.*, concurred.