[Civ. No. 4087.   Fourth Dist.   Mar. 30, 1951.]

EUGENE M. JOHNSTON et al., Respondents, v. LEO D. RAPP, as County Auditor, etc., Appellant.

Norbert Baumgarten and Roy Gargano for Appellant.

Borton, Petrini & Conron for Respondents.

MUSSELL, J. — Petitioner, Eugene M. Johnston, district superintendent of schools and principal of the Taft Union High School District, and the board of trustees of said district, by these proceedings, seek a writ of mandate to compel the auditor of Kern County to approve salary warrants issued to petitioner Johnston pursuant to an increase in his salary voted by the trustees.

The facts stipulated to by counsel for the respective parties are, in part, as follows: That at a regular meeting of the board of trustees of the Taft Union High School District, held on May 6, 1948, it was regularly moved, seconded and unanimously carried that the board give Mr. Eugene M. Johnston a four-year written contract as district superintendent in accordance with the terms and provisions of the resolution incorporated in the minutes of said meeting; that thereafter a contract of employment was executed employing Johnston as district superintendent and principal of the Taft Union High School District for the period beginning July 1, 1948, and ending June 30, 1952; that the contract provided for an annual salary of $8,250, payable monthly, and contained the following provisions: "The board reserves the right to increase the salary during the four year period"; that at a regular meeting of said board held on May 5, 1949, the trustees unanimously voted to increase the salary of Johnston as district superintendent from $8,250 to $10,000 for the school year commencing July 1, 1949, and ending June 30, 1950; that thereafter warrants were drawn for Johnston's increased salary, which warrants were presented to the Kern County auditor, who refused to approve and return them; that because of the refusal of the auditor to approve and return the warrants, Johnston has not received his salary for his services as superintendent for the periods covered by the warrants.

It was alleged in an amendment to the petition, in paragraph four thereof, in addition to the foregoing stipulated facts, that the said increase in salary was made to compensate Johnston for various increases in his duties and responsibilities and in that connection it was alleged that an extensive building and expansion program, involving an expenditure in excess of $2,000,000, was entered upon by the district which required the constant supervision and attention of superintendent Johnston, and resulted in substantial increases in his

duties and responsibilities as superintendent of the district; that in addition, the duties of the superintendent during the year 1949 increased over the year 1948 for the reason that the enrollment in the high school, junior college and adult education division of the district increased 17.9 per cent; that the instructing staff in the Taft Union High School increased from 115 to 128; that the school budget increased from $1,208,905.80 in the school year 1948-1949 to $2,499,145 in the school year 1949-1950; that a good portion of the increase in the budget in the years 1948-1950 was to be for capital outlay and the rehabilitation of the school plant; that all of the foregoing matters resulted in the substantial increase of the duties and responsibilities of the superintendent during the school year 1949-1950 over those responsibilities he carried in the school year 1948-1949; that because of said increased responsibilities and duties of the superintendent, his salary was increased to compensate him for the increased duties.

The respondent auditor filed an answer in which he admitted the execution of the contract and alleged that the board of trustees had no legal power or authority to increase the said salary. He denied each and every allegation contained in paragraph four of the amendment to the pleadings and alleged that there were no changes or increases of any kind or character in the duties of petitioner Eugene M. Johnston for the school year commencing July 1, 1949, and ending June 30, 1950.

Motion was made by petitioners for judgment on the pleadings. This motion was granted and it is from the judgment entered pursuant thereto that the respondent auditor appeals.

The principal question here involved is whether the school board had the authority and power to increase the salary of its district superintendent and principal during the period for which he contracted to render services as such superintendent and principal when the contract contained a provision reserving to the board the right to increase the salary during said period.

It may be stated as a general rule that school boards have a wide discretion and authority in fixing and varying the salary of their employees (Ed. Code, §§ 13802, 13803, 13804; *Fidler* v. *Board of Trustees*, 112 Cal.App. 296, 303 [296 P. 912]; *Rible* v. *Hughes*, 24 Cal.2d 437, 444 [150 P.2d 455, 154 A.L.R. 137]) and this court has heretofore held that such an employee has no vested right to any particular salary but the same may be changed by administrative authority.

(*Hodge* v. *Board of Education*, 22 Cal.App.2d 341 [70 P.2d 1009].) This principle of law is not disputed by appellant. However, he contends that once the salary has been fixed by contract for a prescribed period of time, it may not be increased during said period because of the provisions of sections 31 and 32 of article IV of the California Constitution, the pertinent parts of which are as follows:

Section 31. "The legislature shall have no power . . . to make any gift or authorize the making of any gift, of any public money or thing of value to any individual, municipal or other corporation whatever. . . ."

Section 32. "The legislature shall have no power to grant or authorize any county or municipality authority to grant, any extra compensation or allowance to any public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into and performed, in whole or in part, . . . and all such unauthorized agreements or contracts shall be null and void."

██ The constitutional provision in the last mentioned section is against "extra compensation or allowance." In the instant case the contract contains the following provision: that the board "reserves the right to increase the salary during the four year period." Such a reservation clearly indicates that the named salary was subject to increase within the discretion of the board and was not, therefore, for a fixed amount for the entire four-year period. The effect of the increase voted by the board at the end of the first year of the contract was to fix the salary for the ensuing year. It did not constitute extra compensation for the services performed and was not prohibited by section 32 of article IV of the Constitution. The result obtained was the same as if a new contract had been executed for the school year commencing July 1, 1949, and ending June 30, 1950.

In *Stewart* v. *Eaves*, 84 Cal.App. 312 [257 P. 917], a city superintendent of schools was employed for a four-year term at an annual salary of $3,500. He resigned before the expiration of the first year and was reemployed at an annual salary of $4,000. Before the expiration of the second year he again resigned and was reemployed at a salary of $5,000. The court held that the board of trustees had the power to terminate the contract by mutual consent and reemploy the superintendent at the higher salary. It was there stated, at pages 322-323:

". . . 'the modification or rescission of a school district

contract must ordinarily be made in the manner in which the execution must have been made.' There are several cases in which the supreme court of this state has sanctioned the modification and termination of contracts with boards of education, notably: *Harris* v. *Central* [*Union*] *High School Dist.*, 45 Cal.App. 669 [188 P. 617]; *West* v. *Pasadena*, 43 Cal.App. 199 [184 P. 877], and *Armstrong* v. *Vallejo*, 173 Cal. 217 [160 P. 414]."

The court further said, at pages 323-324:

"Under the charter of the city of Santa Barbara, approved by the legislature, the board of education is clothed with the entire control and management of the public schools in the city in accordance with the constitution and general laws of the state, and 'is hereby vested with all the powers and charged with all the duties of such control and management.' Certainly under this language there is no limitation and nothing is left to depend upon implication. If the board has full power in the management and control of the school it must be vested with the power to make contracts and unmake contracts."

It is apparent that the board in the instant case could have executed a new contract with petitioner at a salary of $10,000 per year, unless such action was arbitrary, discriminatory or unreasonable. (*Rible* v. *Hughes, supra,* 444.) The record before us is devoid of any allegation of facts showing an abuse of such discretion. As was said in *Berkeley High School Dist.* v. *Coit,* 7 Cal.2d 132, 137-138 [59 P.2d 992]:

"Where the act of a local or subordinate legislative body is not only legislative but also is discretionary in the required exercise of judgment, concerning a matter committed to its care, the courts 'cannot enter the board room . . . nor interfere at all with its action unless the board is exceeding its legislative powers, or its judgment or discretion is being fraudulently or corruptly exercised.' (*Nickerson* v. *San Bernardino County,* 179 Cal. 518 [177 P. 465].)"

And in *Rible* v. *Hughes, supra,* 445, where the following language appears:

"If reasonable minds may well be divided as to the wisdom of an administrative board's action, its action is conclusive. Or, stated another way, if there appears to be some reasonable basis for the classification, a court will not substitute its judgment for that of the administrative body."

The argument that the compensation voted to petitioner Johnston is a gift of public money is without merit.

As was said in *California Emp. etc. Com.* v. *Payne*, 31 Cal.2d 210, 216 [187 P.2d 702] :

"It is well settled, however, that expenditures of public funds or property which involve a benefit to private persons are not gifts within the meaning of sections 22 and 31 of article IV of the Constitution if those funds are expended for a public purpose, which is a matter primarily for legislative discretion. (*County of Alameda* v. *Janssen*, 16 Cal.2d 276, 281 [106 P.2d 11, 130 A.L.R. 1141].)"

The increased salary voted to petitioner was for services to be rendered for a public purpose and in no sense a "gift" within the meaning of section 31, article IV of the Constitution. The petitioner is not being paid more than provided in the contract for past or future services.

■ Appellant argues that since the answer denied that there were additional duties to be performed by plaintiff as alleged in the petition as reasons for the increased salary, that an issue of fact was presented which should have been determined at a trial of the action. However, it was stipulated that on May 5, 1949, the trustees at a regular meeting of the board voted to increase the salary of petitioner Johnston from $8,250 to $10,000 for the school year commencing July 1, 1949, and it appears from the pleadings that at the board meeting on May 6, 1948, the trustees reserved the right to increase the annual salary rate after the first year of service under the agreement for the subsequent years or any of them for any and all additional duties assumed by the said superintendent not otherwise imposed by law or by the rules and regulations of the said district at the time of the execution of the contract and for any and all substantial increases in the duties and responsibilities otherwise assumed by said superintendent at the time of the execution of the contract, such as increase in duties and responsibilities brought about by the increase in enrollment, addition in personnel, addition of schools, augmentation of the building program or *any other cause,* whether similar or otherwise to those enumerated. This specification of reasons for reserving the right is very broad and comprehensive in its scope. In this connection it may be observed that the minutes of the board at the meeting of May 5, 1949, at which the increase involved was voted, contain a recital that "There was a short discussion of Mr. Johnston's salary for next year," following which the increase was unanimously voted to petitioner. It thus appears that there may have been sufficient reasons for said increase dis-

cussed and acted upon in addition to those alleged in the amendment to the petition. Under such circumstances it must be presumed that the board regularly performed its official duty. (*Berkeley High School Dist.* v. *Coit,* 7 Cal.2d 132, 136 [59 P.2d 992].)

At best, the allegations of the answer raise an issue which was immaterial and pleaded a fact, which, if true, did not constitute a defense or justify a denial of the relief sought. If we treat all of the allegations in the answer as true, there is no statement of facts therein showing an abuse of discretion on the part of the board or that it exceeded its powers.

Under the circumstances here shown and in view of what we have here said, we see no error in the granting of the motion for judgment on the pleadings.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.